UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERREN JOSEPH WASHINGTON,

                    Plaintiff,

vs.                                    Case No.  2:13-cv-104-FtM-29SPC

LEE COUNTY DEPARTMENT OF CORRECTIONS
and CORP BUILDING MEDICAL INTAKE AND
BOOKING UNIT,

                    Defendants.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file.  Plaintiff, who is currently confined at the Lee County Jail, initiated this action proceeding *pro se* by filing a handwritten complaint pursuant to 42 U.S.C. § 1983 ("Complaint," Doc. #1).  The Complaint names the "Lee County Department of Corrections" and "Corp. Building Medical Intake and Booking Unit" as Defendants.  Complaint at 1.

Liberally construed, it appears the Complaint alleges violations of Plaintiff's Eighth Amendment[1] rights stemming from his conditions of confinement at the Lee County Jail.  Specifically, Plaintiff alleges he caught "scaybees [sic]" and "athletes foot" while being confined in a cell that was not

_____

[1] The Court recognizes that Plaintiff's rights as a pretrial detainee arise under the Fourteenth Amendment, not the Eighth Amendment.  Nevertheless, Eighth Amendment case law applies.

sanitized at the jail. <u>Id.</u> at 1-2. As relief, Plaintiff seeks monetary damages totaling $100,000. <u>Id.</u> at 2.

Because Plaintiff is currently confined in jail, the Prison Litigation Reform Act requires that the Court review the Complaint to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." <u>See</u> 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2). In addition, 28 U.S.C. § 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007), and the court views all allegations as true, <u>Brown v. Johnson</u>, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>see</u> <u>also</u> <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1349 (11th Cir. 2002); <u>Bilal v. Driver</u>, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe

-2-

"fantastic or delusional scenarios." <u>Bilal</u>, 251 F.3d at 1349.  In considering whether dismissal is appropriate under § 1915(e)(2)(ii), the court applies the standard governing dismissal under Federal Rule of Civil Procedure 12(b)(6). <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008); <u>Mitchell v. Carcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997).  Section 1915(e)(2)(ii) is identical to the screening language of § 1915A.  Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1968-69 (2007). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001).

As this is a § 1983 action, the initial inquiry must focus on the presence of two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

<u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001).

Here, Plaintiff's claim is fatally flawed.  Defendants "Lee County Department of Corrections" and "Corp Building Medical Intake are Booking Unit" are not considered "persons" "acting under of color of state law." <u>Hatten v. Prison Health Servs.</u>, Case

-3-

No. 2:05-cv-6FTM-99DNF, 2006 WL 2536804, *2 (M.D. Fla. Aug. 31, 2006)(citing <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992)(stating sheriff's departments and police department are not considered legal entities subject to suit).  Additionally, the Complaint is devoid of any facts describing how Plaintiff's rights protected under the United States Constitution were violated when he contracted the skin diseases at the jail.  <u>See generally</u> Complaint.  Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  The Complaint (Doc. #1) is **DISMISSED without prejudice** pursuant to § 1915.

2.  The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __19th__ day of February, 2013.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record

-4-